UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT JAGER,

                      Plaintiff,      MEMORANDUM AND ORDER
                                          06-CV-1938 (JS)(WDW)

    -against-

HERBERT MITSCHELE, JR., MARY PALUMBO,
ALBERT RYAK,

                      Defendants.
----------------------------------------X

APPEARANCES
For Plaintiff:      Robert Jager, pro se
                   2 Beacon Lane
                   Hicksville, NY 11801

For Defendants:

Albert Ryak        Thomas A. Leghorn, Esq.
                   Wilson, Elser, Moskowitz, Edelman & Dicker
                   3 Gannet Drive
                   White Plains, NY 10604

Other Defendants   No appearances.

SEYBERT, District Judge:

       Pending before the Court is Defendant Albert Ryak's motion to dismiss. For the following reasons, Mr. Ryak's motion is DENIED. That being said, the Court sua sponte orders Plaintiff Robert Jager, pro se, to SHOW CAUSE why this action should not be dismissed against the other Defendants, Herbert Mitschele, Jr. and Mary Palumbo, for lack of prosecution.

## BACKGROUND

       On April 26, 2006, Mr. Jager commenced this pro se suit against Mr. Mitschele, alleging that Mr. Mitschele

committed fraud, perjury, and obstruction of justice in connection with another lawsuit. On June 1, 2006, the Court sua sponte dismissed Mr. Jager's Complaint, for lack of subject matter jurisdiction and for not pleading any cognizable claims. The Court, however, granted Mr. Jager leave to amend.

On July 26, 2006, Mr. Jager filed an Amended Complaint, this time naming Mr. Mitschele and Ms. Palumbo as Defendants. But Mr. Jager apparently never served this Amended Complaint on either Defendant, and the Court sent him notices of impending dismissal on both January 3, 2007 and September 18, 2009. On October 6, 2009, Mr. Jager filed a Second Amended Complaint, this time naming Mr. Mitschele, Ms. Palumbo, and Mr. Ryak as Defendants. Mr. Jager alleges that Mr. Mitschele and Ms. Palumbo committed fraud in another lawsuit, and that Mr. Ryak committed legal malpractice in representing him in that lawsuit.

Mr. Jager did not promptly serve the Second Amended Complaint. On March 18, 2010, the Court again sent him a notice of impending dismissal for lack of prosecution. On March 31, 2010, Mr. Jager responded to the Court's notice by requesting that the Court not dismiss this suit, and enclosing three Affidavits of Service. The Affidavits of Service do not, however, indicate how Mr. Jager believes he affected service, or contain any information confirming that each Defendant, in fact,

received a copy of the Second Amended Complaint. And it is unclear, at best, if Mr. Jager actually affected proper service on anyone. Mr. Jager did, however, receive Mr. Ryak's agreement to waive service on April 29, 2010. See Ryak Aff. Ex. A.

On May 27, 2010, Mr. Ryak filed this motion to dismiss. Mr. Mitschele and Ms. Palumbo have not responded to the Second Amended Complaint and, as noted above, it is unclear if they were ever properly served.

## DISCUSSION

I. Standard of Review on a Motion to Dismiss

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether

3

a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, pro se plaintiffs must still "comport with the procedural and substantive rules of law," Javino v. Town of Brookhaven, 06-CV-1245, 2008 U.S. Dist. LEXIS 17323, at *3 (E.D.N.Y. Mar. 4, 2008).

II. The Statute of Limitations

Mr. Ryak's motion to dismiss makes only a single argument: the claim against him is time-barred. In this regard, Mr. Ryak contends that New York's three-year malpractice statute of limitations bars Mr. Jager's claim, because Mr. Jager's claim accrued no later than October 2003, while Mr. Jager waited until October 2009 to sue him. In response, Mr. Jager argues that: (1) New Jersey's six-year statute of limitations applies; and (2) his claim accrued in 2007. Thus, to resolve Mr. Ryak's motion, the Court must determine what state's statute of limitations applies, and when Mr. Jager's claim accrued under that applicable state's law.

A. What State's Statute Of Limitations Applies?

This is a legal malpractice action brought by a New York resident against a New Jersey lawyer in connection with a District of New Jersey case on appeal to the Third Circuit, which sits in Pennsylvania. Mr. Jager contends that New Jersey's limitations period controls. Mr. Ryak argues that, pursuant to New York's "borrowing" statute, N.Y. C.P.L.R. § 202, New York's statute of limitations governs. Alternatively, Mr. Ryak contends that Pennsylvania's limitations period appliess.

The Court finds that New York's limitations period controls. New York's borrowing statute provides that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202

"[T]he primary purpose of CPLR 202 is to prevent forum shopping by a nonresident seeking to take advantage of a more favorable Statute of Limitations in New York." <u>Insurance Co. of North America v. ABB Power Generation, Inc.</u>, 91 N.Y.2d 180, 186, 690 N.E.2d 1249, 1252, 668 N.Y.S.2d 143, 146 (N.Y. 1997). But its secondary, "equally important" purpose is "to add clarity to the law and to provide the certainty of uniform application to

5

litigants." Id. In this regard, § 202 does not just apply to non-residents, but also to residents whose cause of action "accrue[d] without the state," and applies New York's limitations period to such claims, regardless of whether the other state's limitations period is shorter or longer. See, e.g., Alex v. Grande, 29 A.D.2d 616, 616, 285 N.Y.S.2d 909, 911 (3d Dep't 1967); Rossi v. Ed Peterson Cutting Equipment Corp., 498 N.Y.S.2d 283, 285-86 (N.Y. Sup. Ct., N.Y. County 1986); 75 N.Y. Jur. 2d Limitations and Laches § 113; David D. Siegel, N.Y. Prac. § 57 (4th ed.). Federal courts sitting in diversity must apply § 202, even if it results in a New York resident being subject to a shorter limitations period. See Kilmer v. Flocar, Inc., 212 F.R.D. 66, 70 (N.D.N.Y. 2002) (New York's three year limitations period, not Florida's four year, governed personal injury case arising out of Florida car accident); see also Silva v. Toll Brother's Inc., 97-CV-741, 1998 WL 898307, at *1-2 (S.D.N.Y. 1998); Loral Corp. v. Goodyear Tire and Rubber Co., 93-CV-7013, 1996 WL 38830, at *7 (S.D.N.Y. 1996). And courts must apply § 202 without conducting a typical choice-of-law analysis. See Aboushanab v. Janay, 06-CV-13472, 2007 WL 2789511, at *3 (S.D.N.Y. 2007).

Here, the Second Amended Complaint pleads that "[a]t all relevant times hereinafter mentioned, Plaintiff was and still is a resident of New York." Thus, even if Mr. Jager's

6

malpractice claim accrued in New Jersey or Pennsylvania, § 202 subjects him to New York's statute of limitations and accrual rules.[1] It follows then that the Court must apply New York's three year statute of limitations for malpractice actions, N.Y. C.P.L.R. § 214(6).

B. When Did Mr. Jager's Claim Accrue?

Mr. Ryak contends that Mr. Jager's legal malpractice claim accrued no later than October 21, 2003 when, according to Mr. Ryak, the attorney-client relationship terminated. Mr. Jager contends that Mr. Ryak continued to provide him with legal advice until late 2007, and appears to argue that his malpractice claim did not accrue until then.

In New York, a claim for legal malpractice accrues when the plaintiff suffers an "actionable injury," such as a judgment being entered against him or her. See Frederick v. Meighan, 905 N.Y.S.2d 635, 639 (2d Dep't 2010). However, "[u]nder the doctrine of 'continuous representation,' the three-year statute of limitations for legal malpractice is tolled while the attorney continues to represent the client in the same

---

[1] It might seem unjust, or even perverse, for a pro se plaintiff to lose just because he happened to sue in his home state, instead of where he believes the injury occurred, and where an attorney probably would have recommended he sue. But the Court's job is to apply applicable statutes fairly and impartially. And here, New York has chosen to favor legal "clarity" over flexible limitations rules. See Insurance Co. of North America, 91 N.Y.2d at 186. It is not the Court's job to quibble with that policy decision.

7

matter in which the malpractice allegedly occurred, after the alleged malpractice is committed." 730 J & J, LLC v. Polizzotto & Polizzotto, Esqs., 893 N.Y.S.2d 174, 175 (2d Dep't 2010). To benefit from tolling, the "parties must have a 'mutual understanding' that further representation is needed with respect to the matter underlying the malpractice claim." Id.

Here, Mr. Jager lost his Third Circuit appeal on September 5, 2003. See Ryak Aff. ¶ 7; Jager Farms v. Mitschele, 85 Fed. Appx. 871 (Table) (3d Cir. 2003). It is undisputed that Mr. Ryak continued to represent Mr. Jager in the appeal through October 21, 2003 by, among other things, unsuccessfully petitioning for a re-hearing. Mr. Ryak contends that, on October 21, 2003, he formally withdrew as Mr. Jager's counsel, although he concedes that he continued to have periodic non-attorney-client communications with him until late 2007.[2] To support his argument, Mr. Ryak attaches what he claims is the applicable Substitution of Attorney form, along with communications he had with Mr. Jager in December 2003 and April 2004.

The Court cannot adjudicate this argument at the pleading stage. As an initial matter, Mr. Ryak has put forth

---

[2] The Court can take judicial notice of "filings and decisions" in other cases. Sanders v. Long Island Newsday, 09-CV-2393, 2010 WL 3419653, at *2 (E.D.N.Y. May 19, 2010). Here, the Court takes judicial notice of the Third Circuit's September 23, 2003 decision denying rehearing. (See Ryak Aff. Ex. D.)

8

nothing to permit the Court, on a motion to dismiss, to find that the attorney-client relationship terminated on October 21, 2003. Although Mr. Ryak has provided a purported Substitution of Attorney form, Mr. Jager never signed this form. Additionally, it does not appear on the Third Circuit's docket sheet. So there is no evidence that it was ever filed, much less So Ordered. It follows then that the Court cannot take judicial notice of its existence, much less its accuracy.

But even if the Court could somehow credit this document at the pleading stage, Mr. Ryak's argument would still fail. For, ultimately, it requires the Court to accept Mr. Ryak's affidavit testimony that "[t]hough communications between Jager and I continued through late 2007, those communications were not attorney client communications" but only "a courtesy to Mr. Jager." (Ryak Aff. ¶ 10.) And there is no basis for the Court to take judicial notice of this testimony, or otherwise credit it on a motion to dismiss.

True, the Court could conceivably convert Mr. Ryak's motion into one for summary judgment. But, without discovery, such a motion would fail. Among other things, Mr. Ryak concedes that he continued to communicate with Mr. Jager until "late 2007." But the only communications Mr. Ryak attaches to his motion took place in December 2003 and April 2004. (Ryak Aff. Ex. E.) He provides no factual detail concerning the other

9

communications, including the communications that took place in "late 2007." And, particularly before discovery, the Court cannot simply take Mr. Ryak's word that these communications would not permit Mr. Jager to invoke the continuous representation doctrine. Moreover, Mr. Jager has responded to Mr. Ryak's contentions by setting forth that the communications included "professional advice," and that Mr. Ryak "billed me for every fraction of a ½ hour phone conversation." (Pl. Opp. Br. at 1-2.) It follows then that Mr. Ryak has not shown that no triable issues of fact exist concerning his statute of limitations defense.

Consequently, Mr. Ryak's motion to dismiss is DENIED.

III. The Claims Against Mr. Mitschele And Ms. Palumbo

Mr. Jager commenced this action against Mr. Mitschele on April 26, 2006. By way of Amended Complaint, he added Ms. Palumbo as a Defendant on July 26, 2006. He filed his Second Amended Complaint on October 6, 2009. To date, Mr. Jager has failed to provide any evidence that he affected proper service on either of these Defendants. And, if he served them, Mr. Jager has provided no explanation for why he has not actively litigated against them for their apparent default.

The Court's patience with Mr. Jager is over. Within fourteen (14) days, Mr. Jager must SHOW CAUSE for why this case should not be dismissed against Mr. Mitschele and Ms. Palumbo.

Specifically, Mr. Jager must: (1) provide a certificate of service indicating the he did, in fact, properly serve both Mr. Mitschele and Ms. Palumbo; and (2) if he served them, explain why he has not sought a remedy for their apparent default.

## CONCLUSION

Mr. Ryak's motion to dismiss (Docket Nos. 18, 22) is DENIED. The Court ORDERS Mr. Jager to SHOW CAUSE why this action should not be dismissed against Mr. Mitschele and Ms. Palumbo for lack of prosecution.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:   November 12, 2010
         Central Islip, New York