```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT JAGER,

                    Plaintiff,        MEMORANDUM AND ORDER
                                      06-CV-1938 (JS)(WDW)
        -against-

HERBERT MITSCHELE, JR.,
MARY PALUMBO, ALBERT RYAK,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Robert Jager, pro se
                    2 Beacon Lane
                    Hicksville, NY 11801

For Defendants:

Albert Ryak         Thomas A. Leghorn, Esq.
                    Wilson, Elser, Moskowitz, Edelman & Dicker
                    3 Gannet Drive
                    White Plains, NY 10604

Other Defendants    No appearances.
```

SEYBERT, District Judge:

On November 12, 2010, the Court ordered Plaintiff Robert Jager, pro se, to show cause why this case should not be dismissed against Defendants Herbert Mitschele, Jr., and Mary Palumbo, given Mr. Jager's apparent failure to serve or litigate against these Defendants. On November 23, 2010, Mr. Jager responded. But his response is inadequate. Consequently, the Court sua sponte dismisses this action against Mr. Mitschele and Ms. Palumbo.

## DISCUSSION

Mr. Jager commenced this action against Mr. Mitschele on April 26, 2006. By way of Amended Complaint, he added Ms. Palumbo as a Defendant on July 26, 2006. He never served either Complaint. On

January 3, 2007, the Court issued Mr. Jager a Notice of Impending Dismissal. On January 22 and March 23, 2007, Mr. Jager wrote the Court requesting more time to serve the Defendants. The Court denied Mr. Jager's applications without prejudice, but neglected to dismiss and close this action. See Docket Nos. 9, 11. On September 18, 2009, the Court issued Mr. Jager another Notice of Impending Dismissal. Mr. Jager responded by filing a Second Amended Complaint on October 6, 2009. But he didn't serve that Complaint either. So, on March 18, 2010, the Court issued yet another Notice of Impending Dismissal.

On March 31, 2010, Mr. Jager filed Affirmation of Service forms, setting forth that he served Mr. Mitschele and Ms. Palumbo with a "Complaint" on March 30, 2010. These Affirmations were defective on their face, because: (1) they do not indicate that Mr. Jager served a Summons; (2) as a party, Mr. Jager cannot personally serve the Defendants; and (3) Mr. Jager filed no affidavit constituting proof of service. See FED. R. CIV. P. 4(c), 4(l). In addition, Mr. Jager did not describe the method of service. So from Mr. Jager's terse affirmations, it is completely unclear what, exactly, Mr. Jager did on March 30, 2010.

Given Mr. Jager's pro se status, the Court decided to give Mr. Jager one last chance. So, on November 12, 2010, the Court ordered Mr. Jager to show cause why this case should not be dismissed against Mr. Mitschele and Ms. Palumbo.

On November 23, 2010, Mr. Jager responded. In his response, Mr. Jager indicated that, in March 2010, he "served" Mr. Mitschele and Ms. Palumbo by regular mail, and that one of his service

2

attempts came back undeliverable. So, apparently, his March service was defective for yet another reason – the failure to serve by one of the following permitted methods: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). Mr. Jager also indicated that he had just arranged with two local sheriffs' offices to serve the Summons and Complaint. Finally, Mr. Jager asked the Court to excuse his lack of diligence in litigating this matter, due to his ongoing cancer treatments.

The Court sympathizes with Mr. Jager concerning his medical condition. But it cannot excuse his continuing failure to litigate this case in a timely fashion.[1] Mr. Jager has now had more than four and a half years to serve Mr. Mitschele and Ms. Palumbo, and still has not done so. Indeed, given the numerous defects in Mr. Jager's March 2010 service attempt (roughly four years after this case commenced), it appears that Mr. Jager did not make even the most basic effort to read the applicable Federal Rules of Civil Procedure and comply with his service obligations.

---

[1] The Court notes that, according to Mr. Jager, his cancer apparently returned in the summer of 2009. Docket Nos. 13, 25. Mr. Jager's earlier communications with the Court, in 2007, complained of old age and ulcers, but did not indicate that he was undergoing cancer treatments. Docket Nos. 8, 10. So, even if the Court could theoretically excuse Mr. Jager's failure to serve Mr. Mitschele and Ms. Palumbo over the past eighteen months, Mr. Jager still has no legitimate excuse for doing nothing between March 2006 and the summer of 2009.

This case should have been dismissed back in 2007, when Mr. Jager failed to either serve Mr. Mitschele and Ms. Palumbo, or obtain an extension of time to do so. The Court instead gave Mr. Jager multiple chances over the next three years to comply with his obligations. Mr. Jager did not seize these opportunities, and instead elected to let this case lie fallow. It follows then that, under Fed. R. Civ. P. 4(m), the Court must <u>sua sponte</u> dismiss Mr. Jager's claims against Mr. Mitschele and Ms. Palumbo.

                                                SO ORDERED.

                                                <u>/s/ JOANNA SEYBERT</u>
                                                Joanna Seybert, U.S.D.J.

Dated:     November 30, 2010
              Central Islip, New York