```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT JAGER,

                  Plaintiff,          MEMORANDUM AND ORDER
                                      06-CV-1938 (JS)(WDW)
       -against-

HERBERT MITSCHELE, JR., MARY
PALUMBO, ALBERT RYAK,

                  Defendants.
----------------------------------X
APPEARANCES:
Plaintiff:        Robert Jager, pro se
                  2 Beacon Lane
                  Hicksville, NY 11801

Defendants:
Albert Ryak       Thomas A. Leghorn, Esq.
                  Wilson, Elser, Moskowitz, Edelman & Dicker
                  3 Gannet Drive
                  White Plains, NY 10604

Other Defendants  No appearances.
```

SEYBERT, District Judge:

On April 26, 2006, Plaintiff Robert Jager, pro se, commenced this action by filing a Complaint, suing Herbert Mitschele, Jr. as a Defendant. On July 26, 2006, he filed an Amended Complaint that also sued Mary Palumbo. But, despite the Court's repeated warnings and admonishments, he never served either Mr. Mitschele or Ms. Palumbo. So, on November 30, 2010, the Court sua sponte dismissed this action, as against them, for lack of prosecution.

Mr. Jager has now moved to "vacate the dismissal." See Docket No. 33. The Court construes this motion as one for reconsideration or, alternatively, for relief from judgment. See FED. R. CIV. P. 59(e) & 60; Local Civil Rule 6.3. Having done so, the Court finds that it must DENY this motion.

Principally, Mr. Jager contends that--contrary to the Court's decision--he did, in fact, serve Mr. Mitschele and Ms. Palumbo "by Waiver of Summons under Rule 4(d)." He is wrong. Sending a "request" that a defendant "waive service of a summons" is not service of process. FED. R. CIV. P. 4(d). It is, instead, a "request" that the defendant forgo his/her legal right to formal service of process. Nothing compels a defendant to accept this "request." On the contrary, Rule 4 recognizes that defendants may reject a Rule 4(d) request, although it imposes certain "expenses" on defendants who insist on full service of process. FED. R. CIV. P. 4(d)(2).

Second, Mr. Jager seeks relief on the grounds that he, finally, served Mr. Mitschele on December 1, 2010, and Ms. Palumbo a day later. But this belated service does not warrant reconsideration or relief from judgment. Mr. Jager had 120 days to affect service. FED. R. CIV. P. 4(m). So his deadline to serve the Amended Complaint expired in late-August 2006. His deadline to serve the Second Amended Complaint, which was filed in October 2009, expired in early February 2010. Mr. Jager

2

received Notices of Impending Dismissal on January 3, 2007, September 18, 2009, and March 18, 2010. See Docket Nos. 7, 12, 16. On November 12, 2010, the Court ordered him to show cause why his cause of action should not be dismissed, and required him to provide a valid certificate of service within fourteen (14) days. See Docket No. 24 at pp. 10-11. Despite these four warnings, he failed to affect prompt service. So, although Mr. Jager was given far more time to affect valid service than he had any right to, he still failed to comply with this most basic procedural obligation. His belated service does not grant him a fifth bite at the apple, through the mechanism of reconsideration and/or relief from judgment.

Third, Mr. Jager contends that the Court did not sufficiently consider how difficult it was for him to litigate this case while suffering from terminal cancer, or how problematic it was for him to locate the Defendants. But these equitable concerns do not justify reconsideration. By issuing him four separate warnings, the Court already afforded him every leniency imaginable--and did so precisely because of his medical problems and pro se status. All litigants, regardless of their medical condition and pro se status, must abide by the Court's procedural rules and take seriously the Court's repeated warnings. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (pro se parties are "required to inform themselves

3

regarding procedural rules and to comply with them") (internal citations and quotations omitted). Regardless of how poor Mr. Jager's health is, or how little he knew about tracking down people to affect service, he had more than four years to serve Mr. Mitschele and Ms. Palumbo. By not fulfilling his service obligations within the generous time allotted, he exhausted the Court's patience and leniencies.

Finally, Mr. Jager argues that he deserves reconsideration because he requested an extension of time to affect service in January 2007. Again, this does not warrant reconsideration. Nothing obligated the Court to grant Mr. Jager's motion. And, in fact, Magistrate Judge Orenstein denied it. <u>See</u> Docket No. 9. In any event, and despite Magistrate Judge Orenstein's Order, the Court effectively gave Mr. Jager more than three extra years to serve Mr. Mitschele and Ms. Palumbo.

<u>CONCLUSION</u>

Mr. Jager's motion to "vacate the dismissal" (Docket No. 33) is DENEID.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   June __22__, 2011
         Central Islip, New York